# SUPREME COURT.

## In the Matter of J. Fook.

*Chinese seamen excluded under act of congress of May* 6, 1882.

Under the anti-Chinese act, forbidding the coming of Chinese laborers to the United States (*act of congress of May* 6, 1882) a Chinese seaman is a "laborer" and prohibited from leaving his vessel to come ashore even for temporary purposes.

*Special Term, August,* 1883.

THIS is a writ of *habeas corpus* in the case of J. Fook, a Chinese sailor, who it is claimed was deprived of his liberty by Captain Samuel J. Rickard, on board the ship Pembrokeshire.

POTTER, *J.* — The respondent is required by the mandate of the writ of *habeas corpus* to bring the body of J. Fook, alleged to be imprisoned by the respondent, with the cause of such imprisonment. In obedience to such writ, the person is brought before the court, and the cause of such imprisonment is stated in the return to be, substantially, that the act of congress, approved May 6, 1882, forbids the coming of Chinese laborers to the United States or of their remaining therein, and such coming or remaining is declared by said act to be unlawful.

It is provided in said act that the master of any vessel who shall knowingly bring within the United States on such vessel and land, or permit to be landed, any Chinese laborer from any foreign port or place, shall be deemed guilty of a misdemeanor, and on conviction thereof shall be punished by a fine of not more than $500 for each and every such Chinese laborer so brought, and may also be imprisoned for a term not exceeding one year; but that this section shall not apply to the case of any master whose vessel being bound to a port

not within the United States shall come within the jurisdiction of the United States by reason of being in distress or in stress of weather, or touching at any port of the United States on its voyage to any foreign port or place. Provided that all Chinese laborers brought on such vessel shall depart with the vessel on leaving port.

The act also contains provision that certain United States officials shall furnish description certificates to every Chinese laborer in the United States at the time of the passage of the act, and for the period of ninety days thereafter, sufficient to identify him, whenever he may wish to leave the United States by land or water, and which certificate is required to enable him to re-enter and remain in the United States.

The master of all vessels arriving in the United States from any foreign port shall, at the time of delivering its manifest of cargo or of making report of its entry, and before permitting any Chinese passenger to land, deliver to the collector of customs of the district a list of all Chinese passengers, and before any Chinese passenger shall be allowed to land, the collector shall proceed to examine such passenger by comparing the certificates with such list and with said passenger, and no passenger shall be allowed to land from such vessel in violation of law. And every vessel whose master shall violate any of the provisions of said act shall be forfeited, and any Chinese person who shall be found unlawfully within the United States under the provisions of the act in question shall be removed to the country from which he came, by direction of the president of the United States.

It is further provided in said act that any person who shall knowingly aid or abet the landing in the United States from any vessel of any Chinese person, not lawfully entitled to enter the United States, shall be guilty of a misdemeanor, punishable by a fine, not exceeding $1,000, and imprisonment for a term not exceeding one year.

It is plain from the provisions of the act above referred to that it is the purpose of the United States government to

prevent the introduction into the United States of Chinese laborers; and the act itself defines a "Chinese laborer" to be both skilled and unskilled laborers, and Chinese employed in mining. The return made by the respondent shows that the petitioner is a Chinese laborer and that he was born and has resided at and shipped from the port of Hong Kong, in China, in June last, as such laborer on board a British vessel, of which the respondent is master, under articles or a contract to serve for a period of twelve months, and has been and is now so employed. The petitioner demurs to the return, thus admitting the truth of its allegations.

Upon this state of the law and facts, should the court command the respondent to allow the petitioner to land in the city of New York? To permit him to land would enable the petitioner to go at large in the United States, and to return to the vessel or not, according to his pleasure. The result would be a practical and effectual evasion of the law in question. I do not think a court or judge, whatever he may think of the policy of a law, should issue a mandate which, if carried into execution, would nullify a law of congress, subject the respondent to criminal prosecution, to be followed by fine and imprisonment, and render the petitioner himself also a violator of the law of congress and his contract to serve the respondent upon his vessel for twelve months.

With these views (which I have had no time to elaborate or to reduce to form), the writ must be dismissed and the petitioner remanded.